**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| **EQUAL RIGHTS CENTER, et al.** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **Case No. 1:07-cv-1037(TSE/TRJ)** |
| ) | |
| **CITY OF MANASSAS, et al.** ) | |
| ) | |
| **Defendants.** ) | |
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾) | |

## CITY DEFENDANTS' RESPONSE TO PLAINTIFFS' SUPPLEMENTAL BRIEF IN OPPOSITION TO SCHOOL DEFENDANTS' MOTION TO DISMISS

Defendants City of Manassas and Mayor and City Council of the City of Manassas (collectively "City Defendants") respectfully submit the following memorandum in response to Plaintiffs' Supplemental Brief in Opposition to School Defendants' Motion to Dismiss ("Plaintiffs' Rule 11 Brief"). While no response was required of City Defendants, the numerous unfounded allegations and mischaracterizations asserted in Plaintiffs' Rule 11 Brief compel City Defendants to submit a response thereto.

On February 29, 2008, the Parties appeared before this Court on Motions to Dismiss filed by City Defendants and School Defendants. During that hearing, this Court questioned Plaintiffs' Rule 11 basis for alleging discrimination on the part of City Defendants. See Docket No. ("Dck.") 49 at 12:22-13:7. This Court further questioned Plaintiffs' Rule 11 basis for naming the Manassas City Public Schools as a Defendant separate and apart from the City of Manassas School Board. See id. at 36:2-4. This Court then ordered to Plaintiffs to file a Rule 11 brief addressing the latter question on March 24, 2008 and for Defendants to file responses on March 31, 2008. See id. at 36:15-19; Dck. 48.

Notwithstanding the narrow direction from this Court and the well-known axiom "that a complaint may not be amended by the briefs in opposition to a motion to dismiss," see Katz v. Odin, Feldman & Pittleman, P.C., 332 F. Supp. 2d 909, 917 n.9 (E.D. Va. 2004), Plaintiffs' Rule 11 Brief went far-afield, using an extremely broad brush to re-cast Plaintiffs' allegations against both the School Defendants and the City Defendants, and adding additional facts and documents not asserted in or appended to Plaintiffs' Complaint.  See generally Plaintiffs' Rule 11 Brief.

In response, City Defendants' point out that, notwithstanding the sweeping allegations found in Plaintiffs' Rule 11 Brief, Plaintiffs have still failed to address this Court's stated concern that there appears to be no evidence of discriminatory or disparate enforcement on the part of the City.  At the hearing, this Court was clearly concerned that Plaintiffs' allegations suggested no good faith basis for a discrimination claim against the City:

> What's your good faith basis for saying [City Defendants] don't apply [their Housing Restrictions] to everybody?  What is your Rule 11 basis for saying they do it in a discriminatory manner?
>
> \*       \*       \*       \*       \*
>
> Why can't a municipality decide that they don't want that to happen?  In other words, they don't want hotels, in effect, operating in the – I understand advocacy on behalf of immigrant groups.  I've been there…
>
> All that's relevant here is that a municipality has taken steps to prevent multiple people living in a house beyond what they consider to be normal…
>
> And you say:  Oh, they did it only because they are Hispanic.  I don't – I don't yet see that, unless you are going to show me something at some point in the future that says they don't do that for African Americans, or they don't do that for whites, or any other ethnic group.

See Dck. 49 at 12:22 – 13:7, 17:25 – 18:23.[1]  Nonetheless, Plaintiffs' Rule 11 Brief provides no fact that would suggest disparate or discriminatory enforcement on behalf of the City.

---

[1] In response to the Court's inquiries in this regard, Plaintiffs' Counsel represented that the evidence will be stronger, "once we have discovery."  See id. at 18:24-25.  This response appears somewhat disingenuous in light of the representation in Plaintiffs' Rule 11 Brief that Plaintiffs have already conducted "a thorough and diligent review of thousands of pages of documents produced by the City in response to Virginia Freedom of Information Act ("FOIA") requests."  See Plaintiffs' Rule 11 Brief at 2.

To the contrary, the emails attached to Plaintiffs' Rule 11 Brief suggest a consistent pattern of unlawful overcrowding in Hispanic homes that was being appropriately responded to by City Defendants.  See Plaintiffs' Rule 11 Brief, Ex. A-K.  In six of the eight attached emails in which the number of occupants and/or the occupancy limits had not been obscured by Plaintiffs' redactions, the City's International Property Maintenance Code occupancy limits were exceeded, sometimes at a ratio of two to one.  See id.  Moreover, in three of the seven attached emails in which the number of family units had not been obscured by Plaintiffs' redactions, there were multiple unrelated family units living in single family residences in violation the City's Zoning Ordinance.  See id.

These emails further demonstrate the non-discriminatory posture taken by the City, and its Inspector, whom Plaintiffs have attempted to portray as the discriminating and harassing villain.  For example, in response to a comment about the fact that he had successfully worked with a Hispanic family to bring their home into compliance by increasing the occupancy load of their home from seven to seventeen, Inspector Victor Purchase wrote:

> I completely understand.  I believe the intent of the program was to number one make sure people are sleeping and living in safe housing.  One of the unfortunate circumstances is some people are going to be displaced and have to move to other housing.  The state code dictates how many people live in a house.  The city has no control on that number.  We are working very diligently to make sure that we get correct information and can respond to citizens with correct information.  The answer you receive may not make you happy, but it should be correct.  It is a very changing culture that will take education and understanding.  I hope that everything works out ok.  If it is any consolation, the house was in very good condition and they seemed like a very nice family.

See Plaintiffs' Rule 11 Brief, Ex. K.

In sum, this Court made the central issue of discriminatory enforcement very simple for Plaintiffs, explaining, "But [Plaintiffs' inspection statistics are] meaningless, unless you know they ignored reports from others, you know.  Some people crowd some people don't." See Dck.

49 14:3-5   Nonetheless, Plaintiffs' primary basis for their claims of discrimination remains their allegation that 80% of the homes inspected by the City were owned by Hispanic families.  <u>See</u> Dck. 13 ¶ 49.  However, when coupled with Plaintiffs' explicit admission that Hispanic culture results in an average Hispanic household size that exceeds that of a Caucasian or African-American household by five to three, <u>see</u> <u>id.</u> ¶ 22, Plaintiffs' inspection statistics are meaningless, if not supportive of City Defendants' position.  Accordingly, City Defendants respectfully request that this Court grant the pending Motions to Dismiss in their entirety and with prejudice, and grant Defendants such other relief as the Court may deem just.[2]

Respectfully Submitted,

CITY OF MANASSAS AND
MAYOR AND CITY COUNCIL OF THE CITY OF MANASSAS

By Counsel

_____/s/_____
Jesse L. Rudy, Esq.
VSB No. 48733
Attorney for Defendants City of Manassas
And Mayor and City Council of the City of Manassas
McGUIREWOODS LLP
1750 Tysons Boulevard, Suite 1800
McLean, Virginia  22102-4215
Telephone:  (703) 712-5407
Facsimile:  (703) 712-5294
jrudy@mcguirewoods.com

---

[2] City Defendants also categorically reject Plaintiffs' characterization of the cessation of negotiations in relation to the Housing and Urban Development complaints.  <u>See</u> Plaintiffs' Rule 11 Brief at 5, n. 2.  Should Plaintiffs choose to stand on the accuracy their characterization and the Court request further details, City Defendants would be happy to provide the Court with the details of that exchange.

William G. Broaddus
VSB No. 05284
Attorney for Defendants City of Manassas
And Mayor and City Council of the City of Manassas
McGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219-4030
Telephone: (804) 775-1085
Facsimile: (804) 698-2017
wbroaddus@mcguirewoods.com

## CERTIFICATE OF SERVICE

I hereby certify that this the 31st day of March, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

W. Parker Moore
BEVERIDGE & DIAMOND, P.C.
1350 I Street, NW, Suite 700
Washington, D.C.  20005
pmoore@bdlaw.com

D. Patrick Lacy, Jr.
Stacy L. Haney
Reed Smith LLP
Riverfront Plaza, West Tower
901 East Byrd Street, Suite 1700
Richmond, VA  23219
placy@reedsmith.com
shaney@reedsmith.com

And I hereby certify that I will mail the documents by U.S. mail to the following non-filing users:

David M. Williamson
Fred R. Wagner
Gus B. Bauman
William N. Sinclair
BEVERIDGE & DIAMOND, P.C.
1350 I Street, N.W., Suite 700
Washington, D.C.  20005
dwilliamson@bdlaw.com
fwagner@bdlaw.com
gbauman@bdlaw.com

Isabelle M. Thabault
Laura E. Varela
WASHINGTON LAWYER'S COMMITTEE
FOR CIVIL RIGHTS & URBAN AFFAIRS
11 DuPont Circle, N.W., Suite 400
Washington, D.C.  20036
Isabelle_Thabault@washlaw.org
Laura_varela@washlaw.org

/s/
Jesse L. Rudy
VSB No. 48733
Attorney for Defendants City of Manassas
and Mayor and City Council of the City of Manassas
MCGUIREWOODS LLP
1750 Tysons Boulevard, Suite 1800
McLean, Virginia  22102
Telephone:  (703) 712-5407
Facsimile:  (703) 712-5294
jrudy@mcguirewoods.com

\5235826.3