IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

EQUAL RIGHTS CENTER, et al.,

        Plaintiffs,

v.                                  Case No. 1:07CV1037-TSE/TRJ

CITY OF MANASSAS, et al.,

        Defendants.

**SCHOOL DEFENDANTS' RESPONSE TO PLAINTIFFS' SUPPLEMENTAL
BRIEF IN OPPOSITION TO SCHOOL DEFENDANTS' MOTION TO DISMISS**

Defendants City of Manassas School Board ("School Board") and Manassas City Public Schools ("MCPS") (jointly "School Defendants"), by counsel, submit the following memorandum in response to Plaintiffs' Supplemental Brief in Opposition to School Defendants' Motion to Dismiss ("Plaintiffs' Rule 11 Brief") and in support of their Motion to Dismiss.

## I.    INTRODUCTION

Plaintiffs instituted this action against the School Defendants and the City of Manassas and Mayor and City Council of the City of Manassas (collectively "City Defendants") with the filing of their original Complaint on October 16, 2007. Plaintiffs subsequently filed their First Amended Complaint on December 12, 2007. Both the City Defendants and the School Defendants filed Motions to Dismiss certain Counts contained in the First Amended Complaint. At the February 29, 2008, hearing on the motions to dismiss, the Court questioned Plaintiffs' basis for naming MCPS as a defendant. The Court ordered the Plaintiffs to file a memorandum setting forth their "bases under Rule 11 Fed. R. Civ. P. for asserting claims against Manassas

City Public Schools separate and apart from their claims against City of Manassas School Board."[1]  See Order entered February 29, 2008.

The Plaintiffs subsequently filed their Rule 11 Brief, which is styled "Plaintiffs' Supplemental Brief in Opposition to School Defendants' Motion to Dismiss," in which they argue that they had a valid basis under Rule 11 to name MCPS as a defendant and they set forth numerous additional allegations and attach documents that were not contained in or attached to the First Amended Complaint.  Most, if not all, of the additional factual allegations and documents contained in the Plaintiffs' Rule 11 Brief are irrelevant to the question posed to the Plaintiffs by the Court, namely whether Plaintiffs had an adequate basis for naming MCPS as a defendant.  They are equally irrelevant to the underlying question whether MCPS should be dismissed.[2]  In addition, Plaintiffs' Rule 11 Brief asserts additional arguments that MCPS is a proper party and should not be dismissed or, alternatively, that the claims asserted against MCPS should be re-nominated as claims against the superintendent.

## II. ARGUMENT

**A.** **Plaintiffs' Rule 11 Brief Does Not Justify Including the Manassas City Public Schools as a Named Defendant.**

Plaintiffs' Rule 11 Brief cites nothing from their so-called "Investigation Supporting Claims Against MCPS," see Plaintiffs' Rule 11 Brief at 1-5, that provides a factual, much less a

---

[1] Additionally, in response to the assertion by Plaintiffs' counsel at the February 29, 2008 hearing that they had additional authorities not cited in their briefs to support Plaintiffs' argument that sovereign immunity was waived by the Virginia Fair Housing Law, the Court also ordered Plaintiffs to file a brief setting forth their additional authorities, if any, in support of their claims.  Plaintiffs filed a Supplemental Notice of Authority to which School Defendants will respond separately.

[2]  The Court should not consider any of the additional factual allegations contained in Plaintiffs' Rule 11 Brief when considering the School Defendants' Motion to Dismiss.  See Katz v. Odin, Feldman, & Pittleman, PC, 332 F. Supp. 2d 909, 917 n.9 (E.D. Va. 2004) ("a complaint may not be amended by the briefs in opposition to a motion to dismiss.").

legal, justification for including MCPS as a defendant in this matter. Plaintiffs' administrative complaint filed with the Department of Education ("DOE Complaint") about alleged FERPA violations or alleged violations of the Virginia Student Records Protection Act has no bearing on Plaintiffs' legally unfounded decision to name the MCPS as a defendant in this action. Nothing in Plaintiffs' description of the telephone calls to or from Mari Hommel in 2006 provides a legal or even logical explanation for naming the School Defendants as a party in this case.

Plaintiffs appear to contend that three allegedly unreturned telephone calls to Ms. Hommel, who is representing the School Board in connection with the DOE Complaint, and telephone conversations with Ms. Hommel, which occurred after the Complaint naming MCPS as a defendant had already been filed in this Court, somehow formed a basis for suing MCPS sufficient to satisfy Rule 11. There are a number of inaccuracies in Plaintiffs' characterizations of those interactions that the School Defendants are compelled to correct.

Plaintiffs' counsel claims that after receiving an initial telephone call from Ms. Hommel in relation to the DOE Complaint, they tried to contact her three times between November 11, 2006, and the summer of 2007 without receiving any response. See Plaintiffs' Rule 11 Brief at 4. Plaintiffs' counsel also implies that Ms. Hommel's failure to return their calls forced Plaintiffs to elect between naming MCPS as a defendant and naming only the School Board. Id. at 5. Ms. Hommel disputes Plaintiffs' allegation that she failed to respond to three phone calls from Plaintiffs' counsel. See Exhibit 1, Affidavit of Mari M. Hommel at ¶ 4. Moreover, Plaintiffs fail to mention that Ms. Hommel called and spoke to Mr. Moore, one of their counsel, on October 10, 2007, before the Complaint was filed and that Mr. Moore did not raise any question at that time whether MCPS was an entity that could be sued. See id. at ¶¶ 3-4.

In addition, Plaintiffs' claim that they attempted to resolve this matter with the School Defendants short of litigation "by attempting to engage Ms. Hommel in a dialogue regarding School Defendants' action" is disingenuous. See Plaintiffs' Rule 11 Brief at 5. The only conversations that occurred between Ms. Hommel and Plaintiffs' counsel before the Complaint was filed were initiated by Ms. Hommel. See Exhibit 1 at ¶¶ 2-6. Moreover, it is perplexing that Plaintiffs claim they were trying to resolve this matter by attempting to contact Ms. Hommel when all along Plaintiffs knew that Martin Crim was the School Board attorney who had handled Plaintiffs' FOIA request. See Plaintiffs' Rule 11 Brief at 5. When Ms. Hommel unequivocally advised Mr. Williamson that she was not representing the School Board in regard to this matter, it appears Plaintiffs made no effort to contact Mr. Crim to make the same request purportedly "rebuffed" by Ms. Hommel.

Plaintiffs' counsel's description of their interactions with Ms. Hommel after the Complaint was filed are likewise inaccurate. Plaintiffs' counsel claims that Ms. Hommel was counsel for the School Defendants at the time the Complaint was filed and that she "rebuffed" their suggestion to discuss a stipulation regarding MCPS. See Plaintiffs Rule 11 Brief at 11. Plaintiffs further contend that the School Defendants could have avoided the burden caused by their error in naming MCPS as a defendant by consenting to their proposed stipulation. Id. at 17. In reality, Plaintiffs' counsel was aware that Ms. Hommel was not counsel for the School Defendants with respect to this litigation at the time the Complaint was filed. Ms. Hommel had informed Mr. Moore on November 11, 2006, that she had been retained by the School Board with respect to the DOE Complaint, and she made it clear to Mr. Williamson on October 17, 2007, that she had been retained by the School Board for the limited purpose of responding to the DOE Complaint. See Exhibit 1 at ¶¶ 2, 7-9. Ms. Hommel did not discuss with Plaintiffs'

counsel a proposed stipulation that the MCPS would be subject to whatever injunctive award Plaintiff's may obtain against the Manassas City School Board in this litigation. See id. at ¶ 8. Moreover, the day after the Complaint had been filed, Ms. Hommel requested that Mr. Williamson provide her with a courtesy copy of the Complaint. Mr. Williamson stated that he was not inclined to provide a courtesy copy unless Ms. Hommel agreed to accept service on behalf of the defendants. See id.

**B.     The Manassas City Public Schools Should be Dismissed.**

       **1.     Controlling legal authority establishes that MCPS is not a legal entity or a proper party.**

Plaintiffs claim that their "legal research found no authority insulating MCPS against the claims asserted in the complaint." See Plaintiffs' Rule 11 Brief at 9. The law is clear that MCPS is not a legal entity or a proper party to this lawsuit. The Constitution and the Code of Virginia provide that the supervision of schools in each school division is vested in the school board. See Va. Const. Art. VIII § 7; Va. Code § 22.1-28. The Code of Virginia also establishes school boards as corporate bodies that can sue and be sued. See Va. Code § 22.1-71. Nowhere in the Code of Virginia are "school divisions" or the "Public Schools" established as legal entities that can sue and be sued.[3] Moreover, there is case law plainly holding that the "Public Schools" is not a legal entity subject to suit. See, e.g., Thayer v. Washington County Sch. Bd., 949 F. Supp. 445, 446 (W.D. Va. 1996) ("'Washington County Public Schools' is not a defendant, nor could it be, since it is not a recognizable legal entity."); M.S. v. Fairfax County Sch. Bd., 2006 U.S. Dist. LEXIS 53323 (E.D. Va. 2006) a copy of which is attached as Exhibit 2. As Plaintiffs

---

[3] Plaintiffs' use of the terms "school division" and "Public Schools" synonymously demonstrates their misunderstanding of the law governing schools in Virginia. See Plaintiffs' Rule 11 Brief at 5 ("Counsel researched the question whether Virginia school boards and school divisions (like MCPS) are capable of being sued"). School divisions are geographical boundaries within which a school board operates public schools. See Va. Code § 22.1-25.

acknowledge, the Court in M.S. held that the Fairfax County Public Schools is not an entity that can sue or be sued. Plaintiffs' attempts to discredit this Court's holding in M.S. are unavailing. Despite Plaintiffs' erroneous claim that Judge Cacheris's opinion was based solely on a case from the Southern District of New York, and the lack of authority declaring Fairfax County Public Schools a legal entity, see Plaintiffs' Rule 11 Brief at 14, Judge Cacheris actually cites Va. Code §§ 22.1-28 and 22.1-71, explaining that the Code vests the governance of each school division in the school board and declares school boards as corporate bodies with the power to sue and be sued. Accordingly, the Court concludes that "the Fairfax County School Board is the only local entity empowered to govern the Fairfax County public school system and is the only entity that has the authority to sue and be sued in connection with such governance." M.S., 2006 U.S. Dist. LEXIS 53323 at * 10.

Amazingly, even at this late date, Plaintiffs, citing Va. Code Ann. §22.1-28, make the following statement: "The Code, however, does not say that the function or operation of the school division is vested in the school board, thus leaving open the question whether the school division operates independent and separate from the school board." See Plaintiffs' Rule 11 Brief at 9. Section 22.1-28 states that "[t]he supervision of schools in each school division shall be vested in a school board selected as provided in this chapter or as otherwise provided by law." See also Va. Const. Art. VIII, §7. Had the Plaintiffs taken a cursory glance at the annotations under §22.1-28 they would have seen the citation to Bradley v. School Board of the City of Richmond, 462 F.2d 1058 (4th Cir. 1972), which holds, at 1066, that "[t]he power to operate, maintain and supervise public schools in Virginia is, and always has been, within the exclusive jurisdiction of the local school boards." Had they taken a cursory glance at the annotations under Art. VIII, §7 of the Constitution of Virginia they would have seen the citation to Bacon v. City of

Richmond, 475 F.3d 633 (4th Cir. 2007), which, at 640, reaffirmed the holding in Bradley, noted that the Code of Virginia establishes local school boards as "independent corporate bodies," and briefly catalogued several of the powers of local school boards.4

Despite Plaintiffs' claim that they found "no authority" that MCPS could not be sued, there is actually ample authority (including a case cited by Plaintiffs) which clearly establishes that MCPS is not a legal entity.

> **2.     The cases relied upon by Plaintiffs in which the "Public Schools" have been named as a defendant actually cut against Plaintiffs' argument that MCPS is a proper party.**

In their Rule 11 Brief, Plaintiffs cite cases in which other plaintiffs have erroneously named the "Public Schools" as a defendant. The fact that other plaintiffs have made this error does not and cannot in any way advance Plaintiffs' argument that MCPS is a proper party. In none of the cases cited by Plaintiffs does the Court hold that the "Public Schools" is a legal entity that can be sued.5 Moreover, as noted by the School Defendants in their Reply Memorandum in Support of School Defendants' Motion to Dismiss at n.2, it is not uncommon for plaintiffs to mistakenly sue "Public Schools," in which case the court will substitute the proper defendant, the school board.6 It is, however, uncommon for plaintiffs, once informed of their error, to continue

---

4 It goes without saying that the annotations in Title 22.1 contain citations to a number of decisions of the Supreme Court of Virginia that would make it clear to a reasonable person that the Manassas City School Board, and not MCPS, is the legal entity.

5 For example, Plaintiffs cite Echtenkamp v. Loudoun County Public Schools, 263 F. Supp. 2d 1043 (E.D. Va. 2003) and Shelton v. Richmond Public Schools, 186 F. Supp. 2d 646 (E.D. Va. 2002) as cases in which "a Virginia school division, not a school board, was the named defendant, but wherein the school division did not seek dismissal on the grounds now advanced by MCPS." See Plaintiffs' Rule 11 Brief at 9. In both of those cases, the "Public Schools" is the named defendant but neither opinion contains any discussion of whether the "Public Schools" is a legal entity or a proper party.

6 Plaintiffs claim that they "could not, consistent with their ethical duty of zealous representation of their clients, name only the School Board and risk defendants taking the position that MCPS should have been sued separately." Although some plaintiffs mistakenly sue the "Public

Continued on following page

to insist that the "Public Schools" is a legal entity that can be sued. See, e.g., Jenkins v. King George County Public Schs., 2007 WL 1071982, n.1 (E.D. Va. 2007) ("Defendants argue, and Plaintiff concedes, that the proper party defendant is King George County School Board, and not King George County Public Schools. Ordinarily the Court would allow Plaintiff to amend the Complaint, however, given the Court's decision to dismiss the case, the issue is moot.") a copy of which is attached as Exhibit 3; Walton v. Sch. Bd. of Gloucester County, 2006 WL 3838235, *2 (E.D. Va. 2006) (Gloucester County Public Schools initially named as a defendant but the parties agreed that the proper defendant was the School Board of Gloucester County and the court entered an order affecting that change) a copy of which is attached as Exhibit 4; Myers v. Loudoun County Sch. Bd., 251 F. Supp. 2d 1262, 1264 (E.D. Va. 2003) (Loudoun County Public Schools initially named as a defendant and the parties subsequently agreed that the proper defendant was the Loudoun County School Board); Demmon v. Loudoun County Public Schs., 297 F. Supp. 2d 689 (E.D. Va. 2003) (the defendants argued, and plaintiff did not object, that Loudoun County Public Schools should be dismissed and the Loudoun County School Board should be substituted as a defendant).

Plaintiffs' additional claim that they "found cases wherein both a school division and school board were named defendants and the school divisions were not dismissed on the grounds advanced by MCPS" is disingenuous at best. See Plaintiffs' Rule 11 Brief at 10. As explained below, Plaintiffs have mischaracterized all three cases that they cited in support of this claim.

Plaintiffs incorrectly state that in Sellers v. School Board of the City of Manassas, 960 F. Supp. 1006 (E.D. Va. 1997), the School Board and MCPS were sued and that MCPS did not seek

---

Continued from previous page
Schools," counsel for the School Defendants is not aware of any case in which a Virginia school board took the position that the "Public Schools" or a "school division" should have been sued separately.

dismissal on the grounds that it now advances. In fact, the Manassas City Public Schools was not named as a defendant in Sellers. See Complaint, a copy of which is attached hereto as Exhibit 5. Although the District Court's opinion in Sellers does contain the statement that the plaintiffs filed the complaint against "the School Board of the City of Manassas, School Superintendent James Upperman, and the Manassas City Public Schools" it is clear not only from the Complaint but also from the Fourth Circuit's opinion that only the School Board and the superintendent were defendants. See Sellers v. Sch. Bd. of the City of Manassas, 141 F.3d 524, 525 (4th Cir. 1998) ("Kristopher Sellers and his parents sued the School Board of the City of Manassas and superintendent James Upperman"). Accordingly, Sellers does not support Plaintiffs' claim that MCPS is a proper party to this suit.

In addition, Plaintiffs' characterization of both Emery v. Roanoke City School Board, 432 F.3d 294 (4th Cir. 2005) and R.R. v. Fairfax County School Board, 338 F.3d 325 (4th Cir. 2003), as cases in which a "school division" was sued but not dismissed on the grounds advanced by MCPS is misleading because in both of those cases the defendants did argue that the "Public Schools" was not a proper party and in neither case did any claims against the "Public Schools" go forward. Specifically, in Emery the plaintiff named the Roanoke City School Board and the Roanoke City Public Schools as defendants. In its Answer, the School Board denied that Roanoke City Public Schools was a legal entity or a proper defendant. See Answer of Roanoke City School Board at ¶ 5, a copy of which is attached hereto as Exhibit 6. Subsequently, the Roanoke City Public Schools was voluntarily dismissed by the plaintiff. See District Court Docket Report and Memorandum Opinion, copies of which are attached hereto as Exhibits 7 and 8 respectively.

Similarly, in R.R., the plaintiff named the Fairfax County School Board and the Fairfax County Public Schools as defendants. Although it does not appear that the Fairfax County Public Schools was ever formally dismissed from the case, the Fairfax County School Board did argue at the district court and at the Fourth Circuit that the Fairfax County Public Schools was not a legal entity. See Brief of Appellant Fairfax County School Board at n.2, a copy of which is attached hereto as Exhibit 9 ("Although identified as an additional defendant in the Complaint, FCPS [Fairfax County Public Schools] is not an independent legal entity separate from the School Board itself. The School Board, accordingly, responded in the district court to all allegations made against the FCPS as if they were made against the School Board itself. Moreover, because it does not exist as a separate legal entity, the FCPS are not separately identified as an appellant in this Court."). It is evident from the District Court's opinion in R.R., which is not cited by the Plaintiffs, that only the Fairfax County School Board, and not the Fairfax County Public Schools, was before the court. See R.R. v. Fairfax County Sch. Bd., 226 F. Supp. 2d 804, 810 (E.D. Va. 2002) (order ruling on Fairfax County School Board's motion for summary judgment).

  **3.**  **Plaintiffs have not and cannot cite to any controlling case which holds that the "Public Schools" is a legal entity which can be sued.**

Plaintiffs' continued reliance on J.S. v. Isle of Wight County School Board, 368 F. Supp. 2d 522 (E.D. Va. 2005), is misplaced. The issue whether the "Public Schools" is a legal entity that can be sued was not before the court in J.S. Moreover, contrary to Plaintiffs' assertions, nowhere in the J.S. opinion does the court state that the Isle of Wight School Division or the Isle of Wight Public Schools is an entity that can be sued.[7]

---

[7] The court in J.S. states the following: "As plaintiff failed to allege that any policy of the Isle of Wight County Public Schools caused the alleged constitutional violations, any suit against that
Continued on following page

Plaintiffs point to the fact that the court in J.S. treated the official capacity claims against the school board members separately from the official capacity claims against the superintendent and two other school board employees in support of their flawed argument that there are two distinct legal entities that may be sued.8  Plaintiffs essentially argue that an official capacity claim against a superintendent is the same as a claim against the "Public Schools" and, therefore, the "Public Schools" is a legal entity that can be sued.9  This argument is contrary to established precedent from the Fourth Circuit and this Court that official capacity claims against a superintendent are duplicative of claims against a school board.  See  Love-Lane v. Martin, 355 F.3d 766, 783 (4th Cir. 2004) (holding that an official capacity claim against a superintendent "is essentially a claim against the [School] Board and thus should be dismissed as duplicative"); Myers v. Loudoun County Sch. Bd., 500 F. Supp. 2d 539 (E.D. Va. 2007) (holding that suits against agents or officers of an entity are duplicative of suits against the entity and that the

---

Continued from previous page
entity would also be dismissed and therefore the claims against McPherson, Reese, and Durniak in their official capacities are dismissed as well." Id. at 527.  To the extent that, in dicta, the court appears to treat the Isle of Wight Public Schools as a separate body, it was wrong as a matter of law.

8 Plaintiffs' characterization that the court in J.S. "took pains to discuss claims against officials of the school board as distinct from claims against the school division" is misleading in at least two respects.  First, the court did not "take pains" to discuss the claims distinctly – the court disposed of the official capacity claims against all six individuals in a single paragraph.  Second, there were no claims asserted against the "school division" – claims were asserted against the school board, three school board members, and three school board employees.

9 This Court has already advised Plaintiffs of the flaw in their logic:

> ATTORNEY MOORE: Because under the – under J.S. versus Isle of Wight, he could have brought an official capacity claim against the superintendent of the Manassas City Public Schools, and it would be the effect – effectively the same as bringing the claim against the Manassas City Public Schools.
>
> THE COURT:  What you have just said is: Because I could sue A, and A is part of B, I can sue B just – even though B is not a suable entity.

See Hearing Transcript at p36, lns. 5-13.

superintendent is an agent and employee of the school board); H.H. v. Chesterfield County Sch. Bd., 2007 U.S. Dist. LEXIS 87682 (E.D. Va. 2007) (dismissing claims against superintendent as duplicative of claims against the school board) a copy of which is attached as Exhibit 10.

Plaintiffs' reliance on Hawkins v. Greene County, 43 Va. Cir. 223 (Va. Cir. Ct. 1997) is misplaced.[10] Plaintiffs claim that Hawkins holds that "Virginia school divisions are governmental agencies that act as agents of the State." See Plaintiffs' Rule 11 Brief at 10. No school board, school division, or "Public Schools" was named as a defendant in Hawkins. In Hawkins, the plaintiff teacher sued the county, a county administrator, and a county maintenance worker for injuries sustained when she fell in a parking lot. The claims against the county were nonsuited and the individual defendants filed a plea in bar asserting that the plaintiff's sole remedy was workers' compensation under the county's workers' compensation policy. The court found that the plaintiff was not an employee of the county, but that she was an employee of the school board. The court then stated that "Local school divisions and local school boards are governmental agencies or arms of the State and act as agents of the State." Id. at 224. The issue whether school boards or school divisions were governmental agencies or arms of the state was not before the court in Hawkins, and the court's statement regarding school divisions was dicta. Moreover, the court's statement is not the equivalent to a holding that the "Public Schools" is a legal entity that can sue or be sued.

---

[10] Krutili v. Board of Education, 99 W. Va. 466 (1952), also cited by Plaintiffs, is inapposite. The question of whether a school division is a legal entity that can be sued under the law of West Virginia is not relevant here. Moreover, in Krutili the defendant was a West Virginia county board of education and the court did not hold that a school district is a separate legal entity under West Virginia law. In addition, the Virginia Supreme Court's citation to Krutili in Kellam v. School Board of the City of Norfolk, 2020 Va. 252 (1960), relied upon by Plaintiffs, is made in the context of a discussion of the sovereign immunity of school boards.

**C.      Plaintiffs' Claims Against MCPS Should Not be Re-nominated as Claims Against the Superintendent.**

Plaintiffs' argument that their claims against MCPS should be re-nominated as official capacity claims against the superintendent further demonstrates Plaintiffs' misunderstanding of the law. As explained above, an official capacity claim against a superintendent is duplicative of a claim against a school board and should be dismissed as such. See, e.g., Love-Lane v. Martin, 355 F.3d 766, 783 (4th Cir. 2004). Plaintiffs misconstrue this Court's holding in Flickinger v. School Board of the City of Norfolk, 799 F. Supp. 586 (E.D. Va. 1992). Flickinger does not stand for the proposition that a superintendent can be held liable independent of the school board. Plaintiffs' quotation from that case is taken out of context. In Flickinger, the Court held that "the only officials who, by their actions, may subject a municipality to § 1983 liability are those municipal officials with final policy-making authority." Id. at 590. The Court reasoned that because official capacity claims are the same as claims against the municipality, the same standard applies to imposing liability on individuals in their official capacity. Id. at 593. Therefore, the Court concluded, "the only way [the Superintendent] could have been held liable is if he had final policymaking authority or if he maintained joint or concurrent decisionmaking authority with the School Board." Id. at 593. The Court did not consider whether the official capacity claim against the superintendent was duplicative of the claims against the school board and the Court did not consider whether the superintendent could be held liable independently of the school board.

Seven of the nine counts asserted against the School Defendants are asserted against the School Board and MCPS jointly. To allow the Plaintiffs to re-nominate those counts as claims against the superintendent would result in duplicative claims subject to dismissal. Two counts, Count VIII (alleging violation of Va. Code § 22.1-287 and 22.1-287.1 and Board of Education

Regulations) and Count IX (alleging negligence per se) are asserted against MCPS only.[11]  The School Defendants have moved to dismiss those counts on numerous grounds, including sovereign immunity.  In the unlikely event that those counts are not dismissed, Plaintiffs should only be permitted to re-nominate those counts as claims against the School Board.

WHEREFORE, the School Defendants request that this Court enter an Order granting their Motion to Dismiss and granting such other relief as the Court deems appropriate.

---

[11] The fact that MCPS is the sole named defendant in Counts VIII and IX belies their post hoc justification for suing both the School Board and MCPS.

                                      Respectfully submitted,
                                      CITY OF MANASSAS SCHOOL BOARD
                                      MANASSAS CITY PUBLIC SCHOOLS
                                      By Counsel

       /s/
D. Patrick Lacy, Jr. Esquire (VSB No. 07190)
Stacy L. Haney, Esquire (VSB No. 71054)
REED SMITH LLP
Riverfront Plaza, West Tower
901 East Byrd Street, Suite 1700
Richmond, VA 23219
Telephone: (804) 344-3400
Fax: (804) 344-3410
placy@reedsmith.com
shaney@reedsmith.com

Stephen T. Fowler, Esquire (VSB No. 44071)
REED SMITH LLP
3110 Fairview Park Drive, Suite 1400
Falls Church, VA  22042
Telephone: (703) 641-4200
Fax: (703) 641-4340
sfowler@reedsmith.com

        *Counsel for City of Manassas School Board*
        *and Manassas City Public Schools*

**CERTIFICATE OF SERVICE**

I certify that on the 31st day of March, 2008, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

W. Parker Moore, Esquire
BEVERIDGE & DIAMOND, P.C.
1350 I Street, NW, Suite 700
Washington, DC 20005
pmoore@bdlaw.com
    *Counsel for Plaintiffs*

Jesse L. Rudy, Esquire
MCGUIRE WOODS LLP
1750 Tysons Blvd., Suite 1800
McLean, Virginia 22102
jrudy@mcguirewoods.com
    *Counsel for City of Manassas,*
    *and Mayor and City Council of the City of Manassas*

And I hereby certify that I will mail the document by U.S. mail to the following non-filing users:

David M. Williamson, Esquire
Fred R. Wagner, Esquire
Gus B. Bauman, Esquire
William N. Sinclair, Esquire
BEVERIDGE & DIAMOND, P.C.
1350 I Street, NW, Suite 700
Washington, DC 20005
    *Counsel for Plaintiffs*

Isabelle M. Thabault, Esquire
WASHINGTON LAWYERS' COMMITTEE
FOR CIVIL RIGHTS & URBAN AFFAIRS
11 DuPont Circle, NW, Suite 400
Washington, DC 20036
    *Counsel for Plaintiffs*

William G. Broaddus, Esquire
MCGUIRE WOODS LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219-4030
Telephone: (804) 775-1085
Facsimile: (804) 698-2017
    *Counsel for City of Manassas,*
    *and Mayor and City Council of the City of Manassas*

                    /s/
D. Patrick Lacy, Jr. Esquire (VSB No. 07190)
Stacy L. Haney, Esquire (VSB No. 71054)
REED SMITH LLP
Riverfront Plaza, West Tower
901 East Byrd Street, Suite 1700
Richmond, VA 23219
Telephone: (804) 344-3400
Fax: (804) 344-3410
placy@reedsmith.com
shaney@reedsmith.com

Stephen T. Fowler, Esquire (VSB No. 44071)
REED SMITH LLP
3110 Fairview Park Drive, Suite 1400
Falls Church, VA  22042
Telephone: (703) 641-4200
Fax: (703) 641-4340
sfowler@reedsmith.com

*Counsel for City of Manassas School Board and Manassas City Public Schools*