IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

EQUAL RIGHTS CENTER, et al.,

        Plaintiffs,

v.                                      Case No. 1:07CV1037-TSE/TRJ

CITY OF MANASSAS, et al.,

        Defendants.

## AFFIDAVIT OF MARI M. HOMMEL

1. I am an attorney in the law firm Reed Smith LLP ("Reed Smith") at its office in Leesburg, Virginia. I have been a member of the Virginia State Bar since 1981. I have practiced in Northern Virginia for over twenty years. A primary focus of my practice is representing school boards of various public school divisions around the Commonwealth of Virginia.

2. In 2006 I was retained by the Manassas City School Board to assist in responding to an inquiry by the U.S. Department of Education concerning the Family Educational Rights and Privacy Act ("FERPA"). As I routinely do, and as my file notes confirm, I promptly contacted Plaintiff's counsel on November 21, 2006 to introduce myself and spoke with Parker Moore, an attorney at Beveridge and Diamond. That conversation related exclusively to my being retained by the School Board regarding the complaint filed by Beveridge and Diamond with the Department of Education alleging violations of the Family Education Rights and Privacy Act (FERPA). I did not discuss the allegations in any detail with Mr. Parker during this call.


EXHIBIT 1

3.  Because I had not heard anything at all from the Department of Education, on October 10, 2007, according to my file notes I again contacted Parker Moore to inquire whether he had any information on the status of the FERPA matter, and we also discussed my concerns about reports that a private investigator was seeking interviews with former employees and agents of the School Board, including Doug Guynn, an attorney who had been advising the Superintendent Chip Zullinger in 2006, ostensibly about the allegations in the FERPA complaint. Mr. Moore and I had a brief discussion about these issues in this telephone call.

4.  I do not recall any further calls from Parker Moore, or Beveridge & Diamond between the November 2006 and October 2007 calls described above. There may have been an exchange of voice mails in the interval between these calls. It is my practice to promptly return phone calls, and I take issue with the statement from Plaintiffs' counsel in their March 24 brief (p. 4) that I blithely failed to return three phone calls, especially when they fail to relate the fact that I initiated a call to them in October 2007.

5.  The next communication from Beveridge and Diamond was on October 16, 2007. My telephone messages from Tuesday, October 16, 2007, indicated that Max Williamson had asked me to return his call.

6.  On the morning of October 17, 2007, I called Max Williamson in response to his request. Mr. Williamson introduced himself as an attorney with Beveridge & Diamond who would be lead counsel, referring to a lawsuit that had been filed the day before, involving the schools in the City of Manassas. I inquired as to who the defendants were. Mr. Williamson responded, that the defendants were the School Board

and the Manassas City Public Schools. I asked him what was the difference between these two named defendants, and he replied that he hoped I would tell him. I responded that my understanding was that he should have done due diligence on that issue before filing the lawsuit, because no one should be put to the trouble of getting a named defendant dismissed.

7. During the October 17, 2007 call with Mr. Williamson, I also specifically requested a courtesy copy of the lawsuit, pointing out that until the School Board could review the complaint, it would be impossible to determine who would be representing the defendants: the School Board Attorney, outside counsel retained by the School Board, or counsel retained by an insurer. Mr. Williamson stated that he was not inclined to provide a courtesy copy without consulting with his team, but that if I agreed to accept service of the complaint on behalf of defendants, he would send me a copy. He told me to email him with a request for a copy.

8. I specifically recall that during this telephone conversation with Mr. Williamson, I emphasized that I had been retained by the School Board for a limited purpose relating to a complaint filed by Beveridge & Diamond alleging violations of the Family Education Rights and Privacy Act (FERPA). At no point during any conversation with Mr. Williamson on October 17 -or at any time - did I discuss a proposed stipulation about the Manassas City Public School System being subject to whatever injunctive award Plaintiff's may obtain against the Manassas City School Board in this litigation. If Mr. Williamson had introduced any issue about a stipulation in this case, I am certain that I did not discuss it with him if for no other reason than at that time, I knew that Martin Crim was the designated School Board Attorney.

- 3 -

9. I am aware of no communications with Beveridge and Diamond that would have led them to believe that I "was counsel for the School Defendants" at the time the Complaint was filed in this action, as asserted by Beveridge and Diamond at page 11 of its March 24 brief. All discussions with Beveridge and Diamond up to and including the time when the complaint was filed in this action had been confined to the scope of my representation in the FERPA complaint.

10. Within about 90 minutes of my telephone call with Mr. Williamson, I sent him an email, a copy of which is attached as Exhibit A.

11. I have had no further contact with Mr. Williamson since receiving his reply email on October 17, 2007 (Exhibit A).

12. With regard to the FERPA matter, the Department of Education notified the Superintendent on or about December 18, 2007, that the FERPA complaints were being investigated. Between October 2006 and December 2007 there had been no contact from the Department of Education on this matter. On behalf of the Manassas City School Board and its Superintendent, on January 16, 2008, I responded with the information requested.

_____
Mari M. Hommel

SWORN AND SUBSCRIBED before me, this 31st day of March, 2008.

_____
NOTARY PUBLIC
COMMISSION EXPIRES:

LARAINE K. GITTENS
Notary Public
Commonwealth of Virginia
7040799
My Commission Expires Apr 30, 2010

- 4 -

Telephone Conversation This Morning

---

**From:** Hommel, Mari M. [mailto:mhommel@reedsmith.com]
**Sent:** Wednesday, October 17, 2007 12:06 PM
**To:** David M. Williamson
**Subject:** Telephone Conversation This Morning

I am disappointed that you seem to think that calling me to tell me that you are filing/have filed a lawsuit against the School Board for the City of Manassas and then failing to agree to provide me or the School Board with a courtesy copy of the complaint is getting off on the right foot. It is not. For the record, I am not authorized to accept service on behalf of the School Board or the Manassas City Public Schools.

**Mari Maginn Hommel**
703.729.8542
mhommel@reedsmith.com

**Reed Smith** LLP
44084 Riverside Parkway
Suite 300
Leesburg, VA 20176
703.729.8500
Fax 703.478.6003

This email, along with any attachments, is confidential and may well be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. Thank you for your cooperation.

To ensure compliance with Internal Revenue Service Circular 230, we inform you that any U.S. Federal Tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matter[s] addressed herein.

\* \* \*

This E-mail, along with any attachments, is considered confidential and may well be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. Thank you for your cooperation.
\* \* \*
To ensure compliance with Treasury Department regulations, we inform you that, unless otherwise indicated in writing, any U.S. Federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or applicable state and local provisions or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.

Disclaimer Version RS.US.1.01.03
pdc1

10/17/2007



EXHIBIT
A

Telephone Conversation This Morning

**Hommel, Mari M.**

| | |
|---|---|
| **From:** | David M. Williamson [DWilliamson@bdlaw.com] |
| **Sent:** | Wednesday, October 17, 2007 1:32 PM |
| **To:** | Hommel, Mari M. |
| **Subject:** | Manassas Matter |
| **Attachments:** | 2007-10-16 Final Manassas Complaint (file stamped by court).PDF |

Dear Mari,

As I am sure you recall, I did not "fail to agree" to provide a courtesy copy of the complaint as you now suggest. To the contrary, when you asked for a copy of the complaint, I simply stated that I wanted to check with my clients and legal team but I didn't see it as a problem. Indeed, I am attaching a copy of the complaint (which is publicly available from the court). I am unsure as to the source of your aggression, but we are always open to reasonable requests. It is regretful that you have apparently misinterpreted the nature of our call, which was simply to alert you to the filing as a professional courtesy and to establish a channel of communication.

In any event, as you have indicated that you may not be representing the School Board or the Manasses City Public Schools in this matter, please let me know at your earliest convenience if there is someone else with whom we should communicate in the future. Consistent with your email, provision of the complaint as professional courtesy does not, and should not be construed to, constitute service under Rule 4.

Best regards,

Max



David M. Williamson, Esq.
BEVERIDGE & DIAMOND, P.C.
1350 I Street, NW, Suite 700
Washington, D.C. 20005
Direct: (202) 789-6084
CELL: (202) 256-6155
Fax: (202) 789-6190

CONFIDENTIALITY STATEMENT: This electronic message contains information from the law firm of Beveridge & Diamond, P.C., and may be confidential or privileged. The information is intended solely for the use of the individual(s) or entity(ies) named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please notify us immediately by telephone at (202) 789-6000 or by e-mail reply and delete this message. Thank you.

IRS CIRCULAR 230 DISCLOSURE: To the extent that tax advice is contained in this correspondence or any attachment hereto, you are advised that such tax advice is not intended to be used, and cannot be used for the purpose of (i) avoiding penalties under the Internal Revenue Code, or (ii) promoting, marketing or recommending to another party the tax advice contained herein.

10/17/2007